Timothy A. Adams, Bar No. 213896
Madeline L. Knutson, Bar No. 348792
**TIMOTHY A. ADAMS & ASSOCIATES, APLC**
1930 Old Tustin Ave., Suite A
Santa Ana, CA 92705
Telephone: (714) 698-0239
Facsimile: (714) 698-0243

Attorneys for Plaintiffs
P.B. and D.B., on behalf of their minor child, P.L.B.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| P.B. and D.B., on behalf of their minor child, P.L.B.<br><br>Plaintiffs<br><br>vs.<br><br>CAPISTRANO UNIFIED SCHOOL DISTRICT<br><br>Defendant. | CASE NO. 8:25-cv-02441<br><br>**COMPLAINT** |

## JURISDICTION AND VENUE

1. This action arises under the Individuals with Disabilities Education Act [20 U.S.C. § 1400 et seq.] (“IDEA”)[1] and pendent state law as hereafter more fully appear. This court has jurisdiction under and by virtue of 20 U.S.C. § 1400 *et seq*.; 34 C.F.R. § 300 *et seq*.; 20 U.S.C. Section 1415(i)(3)(A) and Section 1415 (i)(3)(B).

[1] The IDEA was reauthorized in 2004 as the Individuals with Disabilities Education Improvement Act (“IDEIA”). For simplicity and consistency with prior case law, this Complaint will refer to the statutory scheme as the IDEA.

2. Plaintiffs D.B. ("Father") and P.B. ("Mother") are the parents of Plaintiff P.L.B. ("Student"). At all times relevant to this complaint, Father and Mother resided in the State of California, County of Orange. At all times relevant to this complaint, Student was a minor child residing in the State of California, County of Orange with his parents.

3. Student is a child with a disability within the meaning of that term as defined under 20 U.S.C. § 1401(3)(A)(i) and is a child with exceptional needs within the meaning of that term as defined in Cal. Educ. Code § 56026, and, therefore, is entitled to receive special education and related services. Special education services are delivered to students through an individualized education program ("IEP") developed at a meeting by a team of individuals which include, at a minimum, the student's parents and school district personnel.

4. Defendant Capistrano Unified School District ("District") is a governmental agency located within the County of Orange, State of California, and conducting business therein.

5. Pursuant to Federal Law, disputes under the IDEA are handled in an administrative "due process" hearing. 20 U.S.C. § 1415(f).

6. A prevailing parent in a due process matter is entitled to an award of attorneys' fees for the successful prosecution of that matter. 20 U.S.C. § 1415(i)(3)(B). The district courts of the United States shall have jurisdiction of actions brought under this section. 20 U.S.C. § 1415(i)(3)(A).

## FACTUAL ALLEGATIONS

7. Plaintiffs hereby incorporate and re-allege Paragraphs 1-6 above and incorporate the same as though fully set forth herein.

8. Student is a thirteen (13) year old boy who has resided with his Mother and Father within the boundaries of the District at all times relevant to this complaint.

9. Student is eligible for special education and related services as defined by the IDEA and by the District during all times relevant to this complaint.

10. On or about January 10, 2025, Student filed a due process hearing request with the Office of Administrative Hearings ("OAH") – the state agency responsible for administering due process hearings. Student's January 10, 2025 due process complaint was designated OAH Case No. 2025010272.

11. In the January 10, 2025 due process hearing request, Student raised eleven (11) issues: (1) whether the District denied Student a Free Appropriate Public Education ("FAPE") by failing to make an appropriate offer of goals, services, and placement via the IEP developed on January 10, 2023; (2) whether the District denied Student a FAPE by failing to make an appropriate offer of goals, services, and placement via the IEP developed on February 7, 2023; (3) whether the District denied Student a FAPE by failing to make an appropriate offer of goals, services, and placement via the IEP developed on May 25, 2023; (4) whether the District denied Student a FAPE by failing to make an appropriate offer of goals, services, and placement via the IEP developed on August 29, 2023; (5) whether the District denied Student a FAPE by failing to make an appropriate offer of goals, services, and placement via the IEP developed on September 19, 2023; (6) whether the District denied Student a FAPE by failing to ensure that the IEP team was comprised of the necessary participants at Student's September 19, 2023 IEP meeting; (7) whether the District denied Student a FAPE by failing to make an appropriate offer of goals, services, and placement via the IEP developed on October 10, October 26, 2023, and January 22, 2024; (8) whether the District denied Student a FAPE by failing to fund Independent Educational Evaluations ("IEEs") without unnecessary delay; (9) whether the District denied Student a FAPE by failing to send Parents a prior

written notice in compliance with and addressing the specific requirements of 34 C.F.R. § 300.503 in response to their requests for reimbursement for private placement and for convening Student's Annual IEP; (10) whether the District denied Student a FAPE by failing to convene an annual IEP meeting on or before the October 9, 2024 due date; and (11) whether the District denied Student a FAPE by failing to make an appropriate offer of goals, services, and placement via the IEP developed on November 18, 2024.

12. On February 11, 2025, Student amended his due process complaint to include one (1) additional issue: (12) whether the District denied Student a FAPE by failing to ensure that Parents' selected IEE assessor was provided with an equivalent opportunity to observe Student's educational placement.

13. On March 18, 2025, Student amended his due process complaint to include one (1) additional issue: (13) whether the District denied Student a FAPE by failing to provide Student's educational records within five (5) days upon written request during the 2024/2025 school year.

14. In this matter, the District did not raise any issues.

15. At the pre-hearing conference held on May 9, 2025, Student's issues as alleged in Student's complaint were clarified and designated as Issues One-Eight by the Administrative Law Judge ("ALJ") presiding over the pre-hearing conference, (1) whether the District denied Student a FAPE in the IEPs developed on January 10, 2023, February 7, 2023, May 25, 2023, August 29, 2023, and September 19, 2023, by failing to: (a) offer goals in sensory processing, auditory processing, anxiety, executive functioning, and organization; (b) offer appropriate goals in the areas of written expression, reading, and reading comprehension; (c) offer services in the areas of counseling and extended school year; (d) offer appropriate services in the areas of occupational therapy, audiology, and intensive reading and writing interventions; (e) offer an appropriate placement; and (f) have a school psychologist, occupational therapist, and speech and language pathologist attend the September 19, 2023 IEP team

meeting; (2) whether the District denied Student a FAPE in the IEP developed on October 10, 2023, October 26, 2023, and January 22, 2024 by failing to: (a) offer goals in reading, sensory processing, auditory processing, and organization; (b) offer appropriate goals in the areas of reading comprehension, written expression, executive functioning, and anxiety; (c) offer services in the areas of audiology and extended school year; (d) offer appropriate services in the areas of occupational therapy, counseling, and intensive reading and writing interventions; and (e) offer an appropriate placement; (3) whether the District denied Student a FAPE by failing to fund a social/emotional independent educational evaluation without unnecessary delay after Parents' February 12, 2024 request for the same, or file for due process to defend the District's own assessment; (4) whether the District denied Student a FAPE by failing to provide Parents prior written notice regarding Parents' February 12, 2024 request for reimbursement for private placement and request for convening Student's annual IEP team meeting; (5) whether the District denied Student a FAPE by failing to ensure that Parents' selected independent educational evaluator, Dr. Grajewski, received sufficient opportunity to observe Student's educational placement in Spring of 2024; (6) whether the District denied Student a FAPE by failing to convene an annual IEP team meeting by the October 9, 2024 due date; (7) whether the District denied Student a FAPE in the IEP developed on November 18, 2024, by failing to: (a) offer goals in sensory processing, auditory processing, executive functioning, and organization; (b) offer appropriate goals in the areas of anxiety, written expression, reading, and reading comprehension; (c) offer services in the areas of audiology and extended school year; (d) offer appropriate services in the areas of occupational therapy, counseling, and intensive reading and writing interventions; and (e) offer an appropriate placement; and (8) whether the District denied Student a FAPE by failing to ensure meaningful parental participation in the IEP process by failing to provide Student's educational records within five days of Parents' October 22, 2024 written request.

16. On the first day of the due process hearing, Student withdrew Issue 3.

17. The matter was heard by ALJ Claire Yazigi on May 20, 21, 22, 23, 27, and 29, 2025.

18. ALJ Yazigi rendered her decision on or about July 31, 2025, finding that Student was the prevailing party in part on two sub-issues. ALJ Yazigi made a number of legal and factual errors, which resulted in an inconsistent decision with regard to her ruling on Issues One, Two, Four, Five, Six, Seven, and Eight.

**FIRST CAUSE OF ACTION**

**PARTIAL APPEAL OF THE OAH DECISION**

1. Plaintiffs hereby incorporate and re-allege Paragraphs 1-18 above and incorporate the same as though fully set forth herein.
2. ALJ Yazigi erroneously decided that Student failed to meet his burden of proof as to Issues One, Two (c)-(e), Four, Five, Six, Seven, and Eight. Additionally, ALJ Yazigi erroneously decided that Student failed to meet his burden of proof as to part of Issue Two (a)-(b).

**SECOND CAUSE OF ACTION**

**AWARDING OF ATTORNEYS' FEES**

1. Plaintiffs hereby incorporate and re-allege Paragraphs 1-18 above and incorporate the same as though fully set forth herein.
2. District has hereto refused to reimburse Student for successfully prevailing with regard to issues of significance in the due process matter. Therefore, pursuant to 20 U.S.C. § 1415(i)(3), District should be ordered to make Plaintiffs whole by paying no less than $176,888.75 in reasonable attorneys' fees and costs.

///

///

## REQUESTS

WHEREFORE, Plaintiffs respectfully request the following relief:

1) That ALJ Yazigi's decision be overturned as to the entirety of Issues One, Two (c)-(e), Four, Five, Six, Seven, and Eight, and part of Issue Two (a)-(b).
2) Parents be awarded their reasonable attorneys' fees as a prevailing party on issues of significance in ALJ Yazigi's decision.
3) That, upon the successful prosecution of this matter, Parents be awarded their reasonable attorneys' fees as a prevailing party in this appeal.
4) For such other and further relief as the Court deems just and proper.

Dated: October 29, 2025 TIMOTHY A. ADAMS & ASSOCIATES, APLC

By: ______________________
Timothy A. Adams
Madeline L. Knutson
Attorneys for Plaintiffs
P.B. and D.B., on behalf of their minor child, P.L.B.